## Lawrence County, Appellant, *v.* The New Castle Electric Street Railway Company, and the New Castle Traction Company.

*Street railway—Bridges—Consent of authorities—Control by court.*

When the proper local and municipal authorities have given their consent to the use by a street railway company of a highway of which a county bridge forms a part, the county commissioners cannot arbitrarily refuse the use of the bridge to the company. If they do so refuse the matter may be controlled by the courts, and the company permitted to proceed upon giving security that it will faithfully abide by the proper terms and conditions to be imposed by the authorities relating to the manner and use of the bridge, the repairs, and the payment of rent which may have been or may thereafter be agreed upon by the parties, or in the absence of agreement be determined by the court. These rules apply equally when the company proposes to lay an additional track.

*Street railway—Bridges—Injunction—Equity.*

Where a railway company and county commissioners fail to reach an agreement touching the extension of the company's tracks and particularly fail to agree as to rental, a decree by the court below granting express permission to proceed with the work, without regulations to preserve the rights of the county and the safety of the public, is improvident and will be reversed. The court must keep itself in such position as on final hearing to make such decree on all disputed matters as the proofs will warrant.

In the case at bar the safety of the bridge not being in controversy, the appellate court did not reinstate the preliminary injunction pending final determination of the case.

314   LAWRENCE COUNTY *v.* RAILWAY COMPANY.

Statement of Facts—Assignment of Errors. [8 Pa. Superior Ct.

Argued May 10, 1898. Appeal, No. 92, April T., 1898, by plaintiff, from decree of C. P. Lawrence Co., Sept. T., 1897, No. 1, praying for preliminary injunction. Before Rice, P. J., Beaver, Reeder, Orlady, Smith and Porter, JJ. Reversed.

Bill and answer. Before Wallace, P. J.

It appears from the record that a bill was filed by Lawrence county alleging that defendant company had already erected a track upon a country bridge and used the same without authority ; that they proposed to erect another track, and that such construction would render the county bridge unsafe for public travel and increase the cost and expense of keeping the same in repair, and until the bridge was strengthened would be dangerous to public travel and a nuisance ; that defendants had no right to enter upon said bridge ; that plaintiff was ready at all times to give the defendants said right under certain conditions for strengthening the bridge and keeping it in repair and providing for the payment of an annual rental ; that the parties were unable to agree ; and the prayer was for an injunction to restrain defendants from entering upon the bridge and constructing, maintaining and operating upon the said bridge a railway, and direct them to remove their tracks from the bridge. An answer was filed denying certain allegations of the bill and alleging that defendants had already repaired and strengthened the bridge so that it was more than ample for the use to be made of it. A preliminary injunction was issued on August 5, 1897, and on August 14, 1897, after hearing of testimony and argument of counsel preliminary injunction was dissolved, the court below, Wallace, P. J., entering the following decree :

August 14, 1897, after hearing the testimony and arguments of counsel in this case I am of the opinion all the questions raised can be disposed of on final hearing of the case. The preliminary injunction is therefore dissolved and the defendants permitted to proceed with the work, the work to be done under the supervision of the commissioners of Lawrence county and at the expense of defendants. Plaintiff appealed.

*Error assigned* was in making the decree of August 14, 1897, dissolving the preliminary injunction.

*Wylie McCaslin,* county solicitor, and *J. Norman Martin,* for appellant.—A county bridge cannot be occupied by a street railway without the consent of the county commissioners, and they may require as a condition of their consent to the use of a county bridge by a street railway that the company shall bear the expense of strengthening the bridge, assume the cost of repairs and pay a reasonable rental: Berks County v. Railway Co., 167 Pa. 102.

Where the evidence tends to show that unless the bridge is materially strengthened and enlarged it will be neither safe nor of sufficient capacity to accommodate the general travel of the public and the street railway, a preliminary. injunction will be continued: Berks County v. Railway Co., 167 Pa. 102, approved; Larue v. Railway Co., 170 Pa. 249.

Where the acts of the defendants are unlawful and they have not filed a cross bill, nor applied to the court to adjust the differences between them and the plaintiff, the injunction must be continued: Easton Passenger Ry. Co. v. Easton, 133 Pa. 505.

Where a defendant seeks the aid of a court for the purpose of enforcing his rights he must file a cross bill: Daniel's Chancery, p. 1475; Paxton v. Stackhouse, 4 Kulp, 403.

The answer cannot be retained and affirmative relief given thereon after dismissal of the bill: McConnel v. Smith, 23 Ill. 560.

In general the defendants cannot have any positive relief against the plaintiff, even on the subject-matter of the bill, except by cross bill: Andrews v. Kibbee, 12 Mich. 94; Mason v. McGirr, 28 Ill. 322; Andrews v. Gilman, 122 Mass. 471.

*D. B. Kurtz,* with him *L. T. Kurtz,* for appellees.—When the proper local and municipal authorities have given their consent, to the use of a county bridge by a street railway company, the county commissioners cannot arbitrarily refuse the use of the bridge to the company: Berks Co. v. Reading R. R., 167 Pa. 102; Larue v. Oil City Ry. Co., 170 Pa. 249.

The disposition of the case at bar by the court below, so far as heard and decided by it, is in harmony with the principles cited, and is, indeed, more favorable to the county, in that the court in this case ordered that the work to be done on the bridge was to be done under the supervision of the commissioners

of the county, and all other questions to be disposed of by the court on the final hearing of the case.    Nor is this in conflict with the rulings in the cases of Allegheny v. Railway, 159 Pa. 411, and McKeesport v. Ry. Co., 2 Pa. Superior Ct. 249.

The order of the court below dissolving the preliminary injunction, coupled with the further order that the case shall proceed to a final hearing, is but an interlocutory decree and should not, therefore, be reviewed: Heilman v. Railroad Co., 145 Pa. 23 ; Schultz v. Refining Co., 174 Pa. 287.

An appeal will not lie from a decree dissolving an injunction unless there be a dismissal of the bill: Thomas & Co. v. Wooldridge, 23 Wallace (U. S.), 283.

Opinion by Rice, P. J., October 10, 1898 :

County commissioners may require as a condition of their consent to the use of a county bridge by a street railway, that the railway company shall bear the expense of strengthening the bridge, assume the cost of repairs and alterations that may be necessary in order to support safely the street railway and its traffic in addition to the ordinary public travel, and pay a reasonable rental.    But when the proper local and municipal authorities have given their consent to the use by a street railway company of a highway of which a county bridge forms a part, the county commissioners cannot arbitrarily refuse the use of the bridge to the company.    If they refuse their consent, and the bridge be of sufficient capacity to accommodate the general public travel and also the tracks and cars of the railway, the court, after ascertaining what will be necessary to strengthen the bridge for street railway traffic, may permit the company to enter upon the bridge and strengthen it, and when this has been done to the satisfaction of the court the company may be permitted to use the bridge for the purposes of its business upon giving security that the company will faithfully observe and abide by the terms and conditions relating to the manner of the use of the bridge, the repairs thereof, and the payment of the rent, which may have been or may thereafter be agreed upon by the parties, or, in the absence of an agreement may be determined upon by the court.    These rules for the guidance of the court in such cases were laid down in the language, substantially, in which we have stated them in Berks

Co. v. Reading City, etc., Cos., 167 Pa. 102, which was followed and approved in Larue v. Oil City Ry. Co., 170 Pa. 249. In the cases cited the Supreme Court was dealing with the first occupation of a bridge by a street railway, but it is obvious that the rules enunciated apply equally well to a case where the company proposes to lay down an additional track and the original occupation of the bridge by a single track was without the express consent of the county commissioners. Instead of following these plain rules the court not only refused to enjoin the defendants from laying the additional track but also gave them permission affirmatively to go on with the work. Logically, it would seem clear that these questions, especially those relating to the safety and capacity of the bridge should be determined before the company is permitted to cross, and if the decree is to be construed as a postponement of the determination of these questions until final hearing it was erroneous. Unfortunately the court filed no opinion and the grounds of the decision are left to inference. It would seem, however, from the proofs,—although the pleadings show a somewhat broader issue—that the principal matter of dispute between the county commissioners and the defendants was the rental, and that so far as the safety of the bridge is concerned there is no such urgency as would require us to reinstate the temporary injunction, and compel the company to take up its tracks or cease to operate its railway pending the final determination of the case. We may remark, however, in order to prevent misunderstanding, that unless the parties agree in the mean time, or it is shown on final hearing to the satisfaction of the court that the bridge is of sufficient capacity and sufficient strength, there ought to be no hesitation in preventing the company from using it until it has been sufficiently strengthened or enlarged. But there is a manifest difference between the refusal of an interlocutory injunction restraining a railway company from laying an additional track and the granting of express permission to go on with the work. Under the special facts of this case the former may possibly be sustained upon the ground that there was no such immediate danger of irremediable injury as required interference by injunction before a full presentation, of all the facts of the case upon final hearing. The latter gives judicial sanction to an act which is unlawful unless

the consent of the county commissioners is obtained, or the reasonable conditions upon which the right is to be exercised are ascertained and prescribed by the court and complied with by the railway company. This part of the decree is clearly erroneous.

Nor did the qualification that the work should be done under the supervision of the county commissioners cure the error. What work was referred to? What supervision were they to have except, possibly, to see that the work was well done? What authority had they under the decree to determine what was necessary to be done? If they and the defendants could not agree upon that point who was to decide? These questions sufficiently indicate the objections to the decree. It is vague and indefinite and not in accordance with the practice laid down in the case above cited. We think therefore that so far as it granted permission to go on with the work the decree should be reversed and the case allowed to stand as if the interlocutory injunction had been refused, simply. The court will then be at liberty on final hearing to make such decree concerning all the disputed matters as the proofs may warrant. In short, if the determination of the terms and conditions upon which the defendants were to use the bridge for the purposes of their business was to be postponed until final hearing, so ought the granting of express permission to have been postponed.

That part of the decree which grants permission to the defendants to proceed with the work complained of in the bill is reversed at the costs of the appellees, and the record is remitted with a procedendo.